IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEREK BENNER,<br><br>　　　　Defendant. | 8:20CV513<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed his Complaint and a Motion for Leave to Proceed in forma pauperis in this matter on December 16, 2020. (Filings 1 & 2.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (the court "shall dismiss the case at *any time* if the court determines that . . . the action . . . is frivolous . . . ." (emphasis added)).[1]

## I.　　SUMMARY OF COMPLAINT

Plaintiff's Complaint is unintelligible. In his Complaint, Plaintiff refers to himself as "The Activist" and "The ANT"; lists strings of real (i.e., the

---

[1] Plaintiff appears to be a civil immigration detainee at the Moore Detention Center in Okmulgee, Oklahoma, and is therefore not a prisoner within the meaning of the PLRA. (Filing 1 at CM/ECF pp. 3, 4, 12.) *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1878 (2017) ("By its express terms, the Prison Litigation Reform Act of 1995 (PLRA) does not apply to immigration detainees. *See* 42 U.S.C. § 1997e(h) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . ."); *see also Agyeman v. INS*, 296 F.3d 871, 886 (C.A.9 2002) ("[W]e hold that an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA"); *LaFontant v. INS*, 135 F.3d 158, 165 (C.A.D.C. 1998) (same); *Ojo v. INS*, 106 F.3d 680, 683 (C.A.5 1997) (same).").

Administrative Procedure Act) and unreal (i.e., the Ant Movement Act) statutory provisions and acts; fails to include any coherent statement of facts from which a plausible claim for relief can be recognized; and neglects to describe the Defendant, his place of residence, his actions or inaction, and how he constitutionally harmed Plaintiff.

As noted in *Clervrain v. Marin*, No. 20-CV-925, 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020), Plaintiff "appears to have filed the same incomprehensible pleading naming random current and former governmental officials in many courts across the country." *Id.* (citing cases; noting that "while Clervrain's cases name different defendants, they are all essentially "jabberwocky"). As the court stated in *Clervrain v. Marin*, it is impossible "to determine what causes of action are being alleged against the named Defendant or what relief is being sought." *Id.* at 3.

## II. DISCUSSION

A motion to proceed in forma pauperis will be denied, and a case dismissed, when the movant files a complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Zessin v. Nebraska Health & Human Servs.*, No. 8:07CV247, 2007 WL 2406967, at *2 (D. Neb. Aug. 20, 2007) ("The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed." (internal quotation marks and citation omitted)). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims alleged. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, there are two reasons for dismissing this action: (1) Plaintiff's Complaint violates Rule 8; and (2) Plaintiff's allegations are frivolous. First, Plaintiff's Complaint fails to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Further, "[e]ach allegation" is to be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As discussed above, Plaintiff's Complaint complies with none of these requirements.

Second, Plaintiff's allegations are completely unintelligible and without a factual or legal basis. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Plaintiff will not be granted leave to amend his Complaint because any such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice as frivolous;

2. Plaintiff's Motion for Leave to Proceed in forma pauperis (Filing 2) is denied as moot;

3. Judgment will be entered by separate document.

DATED this 22nd day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge